UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ODA AGAMA, ON BEHALF OF          CASE NO.:
HIMSELF AND THOSE
SIMILARLY SITUATED,

                Plaintiff,

vs.

DPCH, LLC, A GEORGIA
LIMITED LIABILITY
COMPANY,

                Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ODA AGAMA, on behalf of himself and those similarly situated, sues the Defendant, DPCH, LLC, a Georgia Limited Liability Company, and alleges:

1.    Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.      Plaintiff was an hourly paid employee working as a house manager and care giver for Defendant in DeKalb County, Georgia.

3.      Plaintiff worked for Defendant from approximately June 1, 2015 until March 2, 2016.

4.      Defendant, DPCH, LLC, is a Georgia Limited Liability Company that operates and conducts business in, among other locations, DeKalb County, Georgia and is therefore, within the jurisdiction of this Court.

5.      Defendant operates a series of homes which provide residential care, support and supervision for individuals with developmental disabilities. *See* www.demburepch.com.

6.      Defendant employed Plaintiff and other hourly paid employees to supervise these individuals in Defendant's residences.

7.      This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every hourly paid employee who worked for Defendant at any time within the past three (3) years.

8.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under

the FLSA pursuant to 28 U.S.C. §2201 et seq.

9.     During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10.     During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11.     Included in such goods, materials and supplies were computers, telephones, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12.     Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13.     At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff complete overtime compensation for all overtime hours worked.

14.     Defendant paid Plaintiff by the hour for his work performed for Defendant.

15.     However, when Plaintiff stayed overnight at Defendant's residences to care for the individuals staying in the residences, Defendant

would not pay Plaintiff any compensation for approximately 7-8 hours of those overnight shifts.

16.     Pursuant to 29 C.F.R. §§ 785.21 and 785.22, an employee must be paid for certain overnight work, even if sleeping on Defendant's premises since Plaintiff is on duty.

17.     Additionally, Plaintiff was required to wake up and check on the residents every two hours to ensure the residents were not having problems or needed help with something.

18.     There were times in the middle of the night when Plaintiff would need to help residents change clothes and/or bedding after a restroom accident or other occurrence which would require Plaintiff's assistance.

19.     Plaintiff and the other employees even completed forms required by Defendant indicating they had woken up every two hours and checked on the residents.

20.     Even though Defendant was aware that Plaintiff and the other employees woke up every two hours to check on residents, Defendant still failed to pay Plaintiff any compensation for these hours worked.

21.     Defendant's pay practices violate the FLSA by failing to pay Plaintiff and the other employees time and one-half of their hourly rates for all

overtime hours worked.

22.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

<u>COUNT I - RECOVERY OF OVERTIME COMPENSATION</u>

23.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24.     Plaintiff and those similarly situated employees were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

25.     During their employment with Defendant, Plaintiff and those similarly situated employees were not paid for all overtime hours worked when caring for the individuals residing in Defendant's residences.  *See* ¶¶ 15-21.

26.     Defendant did not have a good faith basis for its pay practice in not paying Plaintiff or the other similarly situated employees overtime compensation for any period of the overnight shifts Plaintiff and the other employees worked.

27.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees complete

overtime compensation for all overtime hours worked, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

28.    As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

29.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ODA AGAMA, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 4th day of August, 2016.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*